UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XEZAKIA ROUSE,<br><br>        Plaintiff,<br><br>    v.<br><br>GARY PITKIN,<br><br>        Defendant. | Case No. 21-cv-05493-AGT<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 13 |

Pro se plaintiff Xezakia Rouse brings this action against Gary Pitkin, a Lieutenant employed by the City of Napa Police Department, for purported violations of the Freedom of Information Act ("FOIA"), the California Public Records Act ("CPRA"), and various constitutional rights and federal and state statutes. In support of his claims, Rouse alleges that Pitkin failed to produce certain police records that Rouse requested "per FOIA/CPRA procedures" and told multiple "mistruths" about the existence of the requested records. *See* Dkt. 1, Compl. at 2–3. Rouse further alleges that Pitkin "knowingly answered CPRA/FOIA requests with false information with the intent of preventing [Rouse] from obtaining damning evidence of police abuses in the department." *Id.* at 4. Rouse seeks several forms of equitable relief but no damages.

Pitkin, the sole defendant in this case, has moved to dismiss Rouse's complaint in its entirety. Dkt. 13-1, Mot. The Court grants Pitkin's motion to dismiss as set forth below.

    **1.**    **FOIA Claim**

Rouse cannot state a viable FOIA claim against Pitkin, whether in his individual or official capacity, because "FOIA applies only to agencies of the executive branch of the United States government." *Moore v. United Kingdom*, 384 F.3d 1079, 1089 (9th Cir. 2004) (citing 5 U.S.C.

§§ 551(1), 552(f)); *see also Drake v. Obama*, 664 F.3d 774, 785–86 (9th Cir. 2011) ("FOIA does not apply to any of the Defendants because they are all individuals, not agencies. . . . Thus, the District Court correctly dismissed Plaintiffs' FOIA causes of action for failure to state a claim."). Accordingly, Rouse's claim against Pitkin for violation of FOIA is dismissed with prejudice.

### 2. CPRA Claim

Rouse also alleges that Pitkin violated the CPRA, Cal. Gov't Code §§ 6250 *et seq.*, which governs access to public records in California. The CPRA provides that "any public record in the possession of a state or local agency must be disclosed to any citizen unless an exemption applies." *Id.* § 6253. Rouse claims that he submitted requests under the CPRA, including for a "citizen's arrest complaint form" that he previously filed with the Napa Police Department and "crucial bodycam evidence" of him submitting that complaint, but Pitkin failed to produce those records and "told a mistruth that the [requested] evidence was discarded." Compl. at 2. Pitkin moves to dismiss Rouse's CPRA claim on two bases.

First, Pitkin argues that "the legal obligations the CPRA creates on its face lie with the 'public agency,' and not with any individual employee." Mot. at 6 (citing Cal. Gov't Code § 6253(b) ("each state or local agency, upon a request for a copy of records . . . shall make the records promptly available to any person upon payment of fees")). Although the CPRA "expressly prohibits recovery of damages from public employees," *Brooks v. Vallejo City Unified Sch. Dist.*, 2009 WL 10441783, at *3 (E.D. Cal. Oct. 30, 2009) (citing Cal. Gov't Code § 6259(d)[1]), the Court is not persuaded that the CPRA imposes no legal duty on the individual public employees who oversee the disclosure of records on behalf of their respective state and local agencies. *See, e.g.*, Cal. Gov't Code § 6259(b) ("If the court finds that the public official's decision to refuse disclosure is not justified . . . the court shall order the public official to make the record public."). At this juncture, the Court declines to dismiss the CPRA claim on this basis.

---

[1] California Government Code § 6259(d) provides: "The court shall award court costs and reasonable attorney's fees to the requester should the requester prevail in litigation filed pursuant to this section. The costs and fees shall be paid by the public agency of which the public official is a member or employee and shall not become a personal liability of the public official. If the court finds that the requester's case is clearly frivolous, it shall award court costs and reasonable attorney's fees to the public agency." Cal. Gov't Code § 6259(d).

2

Second, Pitkin argues that even if Rouse has stated a viable CPRA claim, the Court should nevertheless dismiss the complaint for lack of subject matter jurisdiction because (1) Rouse has failed to state a claim arising under federal law (the Court agrees, as discussed in Sections 3 & 4 *infra*), and (2) even though there is complete diversity between the parties (Rouse resides in Ohio and Pitkin in California), the amount in controversy does not exceed $75,000, as required for diversity jurisdiction, *see* § 28 U.S.C. § 1332(a)(1). The Court agrees that the complaint, as currently alleged, fails to establish that the amount in controversy exceeds the $75,000 jurisdictional threshold. Indeed, Rouse has not alleged the existence of or requested *any* monetary damages. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016) ("The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction."). Further, because money damages are not an available remedy under the CPRA, *see* Cal. Gov't Code § 6259(d), and Rouse's other claims under California law have been dismissed with prejudice, *see* Section 5 *infra*, subject matter jurisdiction over Rouse's CPRA claim will likely depend on his ability to state a colorable claim under federal law on amendment.

### 3.  Federal Constitutional Claims

In the "Jurisdiction Statement" section of his complaint, Rouse asserts the basis for federal question jurisdiction in this case is "the federally protected rights of citizens of equal protection; Access to the Court; Due Process; to be produced a fair and accurate record of actions from public agencies and to be free from abuse of power of those acting under color of the law." Compl. at 1. Yet, as Pitkin correctly observes, Rouse does not clearly assert that, or how any such rights were violated, nor has he alleged sufficient facts to support a plausible claim for violation of equal protection, due process, or any other constitutional right.

"To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendant[] acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." *Serrano v. Francis*, 345

3

F.3d 1071, 1082 (9th Cir. 2003) (citation omitted).  Here, Rouse does not plead membership in a protected class and there are no factual allegations to plausibly suggest that Pitkin acted with an intent or purpose to discriminate against Rouse based on his protected status.  Rouse's purported equal protection is therefore dismissed with leave to amend.  If Rouse chooses to amend, he must allege non-conclusory facts supporting the above elements of an equal protection claim.

Rouse has likewise failed to state a claim for violation of due process.  "A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution."  *Stiesberg v. State of Cal.*, 80 F.3d 353, 356 (9th Cir. 1996) (citation omitted).  To have a property interest, a plaintiff must allege "a legitimate claim of entitlement."  *Nunez v. City of Los Angeles*, 147 F.3d 867, 872 (9th Cir. 1998) (citation omitted).  A liberty interest, on the other hand, "may be derived from the Due Process Clause itself or from the laws of the states."  *Browning v. Vernon*, 44 F.3d 818, 821 (9th Cir. 1995).

To state a claim under 42 U.S.C. § 1983 for violation of substantive due process, the plaintiff must allege both (1) "a government deprivation of life, liberty, or property," and (2) "conscious shocking behavior by the government."  *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006).  To establish a procedural due process claim, the plaintiff must allege "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections."  *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998).  The failure to follow mandatory procedures does not by itself violate the constitution.  *See Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993) ("[W]e have held that 'procedural requirements, even if mandatory, do not raise a constitutionally cognizable liberty interest.'") (citation omitted).  Rather, "there must be allegations that the procedures themselves were inadequate to protect a valid liberty interest."  *London v. City of Redlands*, 2017 WL 3953984, at *3 (C.D. Cal. Sept. 5, 2017), *adopted*, 2017 WL 3927452 (C.D. Cal. Sept. 7, 2017).

Here, Rouse has not identified any federally protected liberty or property interest.  For starters, there is no constitutional right to access government records.  *See Houchins v. KQED, Inc.*, 438 U.S. 1, 15 (1978) ("Neither the First Amendment nor the Fourteenth Amendment mandates a right of access to government information or sources of information within the

4

government's control."). Thus, to the extent Rouse is attempting to state a due process claim based on Pitkin's alleged intentional failure to comply with the CPRA, such a claim is not viable. *See e.g.*, *Dayton v. James*, 2017 WL 68240, at *3 (E.D. Cal. Jan. 6, 2017) (holding that even if plaintiff could show "that the information requested in his CPRA requests was in fact available, and that [the defendant police officer] thus lied when he stated that no relevant responsive documents existed . . . [such] a CPRA violation, whether intentional or unintentional, still cannot support a Fourteenth Amendment due process claim under 42 U.S.C. § 1983").

Rouse's allegations regarding the "citizen's arrest complaint form" he filed with the Napa Police Department are also insufficient to support a due process claim. The Constitution does not impose any affirmative obligation on the government to consider or respond to a citizen's complaint. *Smith v. Arkansas State Highway Emp., Loc. 1315*, 441 U.S. 463, 465 (1979); *see also London*, 2017 WL 3953984, at *4 ("[B]ecause there is no recognized constitutional right to a government investigation, Plaintiff's allegations that Defendant is not responding to his citizen complaints fails to implicate a recognized constitutional right and, therefore, does not state either a procedural or substantive due process claim."); *Page v. Stanley*, 2013 WL 2456798, at *9 (C.D. Cal. June 5, 2013) (holding the Constitution "does not guarantee that there will be any government response to a petition or that the government will take any action regarding the relief demanded by the petitioner"). To the extent Rouse is able to amend his complaint to allege non-conclusory facts supporting a viable due process claim consistent with the above, he is granted leave to do so.

### 4. Federal Statutory Claims

Rouse asserts that Pitkin "filed a false answer from a public office on numerous occasions," in violation of 8 U.S.C. § 1324c and 18 U.S.C. §§ 242 and 1001. Rouse nowhere alleges facts supporting a claim that Pitkin "filed" any "answer" in any setting, but even if he had alleged such facts, his claims under the three cited federal statutes would still fail.

Section 1324c sets forth penalties for document fraud in connection with immigration proceedings. 8 U.S.C. § 1324c. Rouse's complaint does not mention any immigration related issues; thus, § 1324c has no application to this case. Moreover, § 1324c "provides only for governmental investigation and enforcement . . . and provides no evidence that Congress intended

a private right of action." *Newman v. Caliber Home Loans, Inc.*, 2018 WL 3361442, at *2 (S.D. Cal. July 10, 2018) (citing 8 U.S.C. § 1324c(b) & (d)). Accordingly, Rouse's claim under § 1324c is dismissed with prejudice and without leave to amend.

Sections 242 and 1001 are criminal statutes for the federal criminal offenses of "deprivation of rights under color of law" and "fraud and false statements." *See* 18 U.S.C. §§ 242, 1001. As criminal statutes, §§ 242 and 1001 provide no basis for a private right of action. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (recognizing that 18 U.S.C. § 242 "provide[s] no basis for civil liability"); *Hammerlord v. City of San Diego*, 2012 WL 5388919, at *4 (S.D. Cal. Nov. 2, 2012) ("Claims of fraud or false statements under 18 U.S.C. § 1001 . . . are barred because these criminal statutes do not expressly create a private right of action upon which plaintiff may sue defendants.") (citation omitted). Rouse's claims under §§ 242 and 1001 are therefore dismissed with prejudice and without leave to amend.

### 5. State Statutory Claims

Rouse also attempts to assert claims against Pitkin under two California statutes—Cal. Penal Code § 118.1 (criminalizing filing of false police reports) and Cal. Gov't Code § 53243.4 (defining "abuse of office or position")—but once again, neither statue provides a basis for civil relief in Rouse's favor. *See Eusse v. Vitela*, 2013 WL 3778636, at *3 (S.D. Cal. July 17, 2013) (dismissing claim under Cal. Penal Code § 118.1 without leave to amend because "this statute does not create private rights of action") (citation omitted); Cal. Gov't Code § 53243.4 (defining "abuse of office or position" as used in Cal. Gov't Code §§ 53243 *et seq.*, requiring local agency officers "who are convicted of a crime involving an abuse of his or her office or position" to repay leave benefits and forfeit retirement benefits). Rouse's claims under both California statutes are dismissed with prejudice and without leave to amend.

\* \* \*

Rouse may file an amended complaint consistent with this order by **April 29, 2022**. The amended complaint may not add any new claims without express leave of Court. If Rouse does not file an amendment by April 29, 2022, his claims may be dismissed with prejudice.

Rouse is encouraged to visit the Northern District of California's website, where he can

obtain information and resources about appearing pro se. *See* U.S. District Court, N.D. Cal., Representing Yourself, https://cand.uscourts.gov/pro-se-litigants/. Rouse is also encouraged to seek free assistance from the Northern District's Legal Help Center. He can make an appointment by calling (415) 792-8982.

**IT IS SO ORDERED.**

Dated: March 21, 2022

ALEX G. TSE
United States Magistrate Judge