UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XEZAKIA ROUSE,<br><br>    Plaintiff,<br><br>    v.<br><br>GARY PITKIN,<br><br>    Defendant. | Case No. 21-cv-05493-AGT<br><br>**ORDER GRANTING MOTION TO DISMISS AMENDED COMPLAINT AND RESOLVING MISCELLANEOUS MOTIONS**<br><br>Re: Dkt. Nos. 26, 32, 37, 41, 43 |

Xezakia Rouse, an Ohio resident proceeding pro se, brought this civil rights action against Napa Police Lieutenant Gary Pitkin, alleging violations of his constitutional rights and various federal and state statutes. The Court previously granted Pitkin's motion to dismiss the original complaint in its entirety under Rule 12(b)(6), and dismissed with prejudice all but three of Rouse's claims. Dkt. 38. The remaining three claims, asserting violations of equal protection, due process, and the California Public Records Act ("CPRA"), were dismissed with leave to amend. The Court gave Rouse specific instructions on how to cure the defects in those claims and made clear that any amended complaint may not add any new claims without express leave of Court.

Rouse subsequently filed a one-page amended complaint which makes no reference to equal protection, due process, or the CPRA (the only claims he had leave to amend), and instead purports to assert "claims as it pertains only to the evidence"—specifically, "videocam evidence" and "fusion center evidence." Dkt. 40. The amended complaint does not include a single allegation against Pitkin, the sole defendant in this case. Rather, Rouse's so-called claims appear to now be directed against "Napa." The first paragraph of the amended complaint, captioned "Videocam Evidence," alleges that "Napa" destroyed "camera evidence" (apparently a recording)

because it "would prove a connection between white supremacy hatred, the Napa pd and the workings of Napa's white supremacists and government to run Mr. Rouse out of town and destroy his reputation because of his skin color."  The second paragraph, captioned "Fusion Center Evidence," alleges that Rouse was "investigated by Cincinnati PD and lost his job and had his family and friends investigated and had the credibility of his business attacked over the investigation."  Rouse appears to conclude that "Napa" told the Cincinnati authorities to investigate him, "all to cover up their unlawful use of force resulting in [Rouse's] bodily injury."  According to Rouse, the so-called "fusion center evidence"—which is not otherwise described—"clearly shows Napa is violating [his] civil rights."  Rouse further asserts that, "[i]f the court still doesn't understand what the plaintiff means he asks the court to dismiss the case without prejudice so that these 2 crucial pieces of evidence are not considered res judicata."

Pitkin has moved to dismiss the amended complaint without further leave to amend, arguing that Rouse's current allegations are even more deficient than those in the prior complaint and continue to fall far short of stating a viable claim for relief against Pitkin, or anyone.  Dkt. 41.  The Court agrees.  Pitkin's motion to dismiss—which Rouse failed to oppose, timely or otherwise—is granted.

This time, dismissal is with prejudice.  Rouse has now had two opportunities to state a cognizable constitutional claim against Pitkin and has not done so, despite the Court's clear instructions on what he needed to allege to sustain his equal protection and due process claims.[1]  To the extent Rouse has attempted to replead an equal protection claim, he has not provided any allegations regarding his membership in a protected class (other than a vague reference to his "skin color"), much less plausible allegations that Pitkin—whose name is not even mentioned in the amended complaint—acted with "an intent or purpose to discriminate against him based upon his membership in a protected class."  *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003)

---

[1] Rouse appears to have abandoned his CPRA claim, which was previously dismissed with leave to amend.  The amended complaint does not refer to the CPRA or allege any facts remotely suggesting, let alone plausibly supporting, an actionable claim against Pitkin for violation of the CPRA.  *See First Resort, Inc. v. Herrera*, 860 F.3d 1263, 1274 (9th Cir. 2017) (holding when a plaintiff fails to replead a claim that was dismissed with leave to amend, he abandons that claim).

(identifying elements of an equal protection claim); *see also Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (emphasizing that liability under 42 U.S.C. § 1983 requires the defendant's personal participation in the alleged constitutional violation). Rouse has likewise failed to allege facts showing that he was deprived of a constitutionally protected liberty or property interest, as required to sustain a due process claim. *See Stiesberg v. State of Cal.*, 80 F.3d 353, 356 (9th Cir. 1996) ("A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution."); *see also Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) ("[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.").

The record to date, including Rouse's failure to follow the Court's clear instructions regarding necessary amendments and his failure to oppose the instant motion to dismiss, makes clear that further amendment would be futile. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad.") (simplified); *see also King v. Contra Costa Cnty.*, 2020 WL 978632, at *2 (N.D. Cal. Feb. 28, 2020) ("The failure to oppose a motion to dismiss constitutes an abandonment of the claims for which dismissal is being sought.").

Pitkin's motion to dismiss is granted and the amended complaint is dismissed with prejudice and without leave to amend.[2] The Clerk of the Court shall close the case file.

**IT IS SO ORDERED.**

Dated: August 17, 2022

ALEX G. TSE
United States Magistrate Judge

---

[2] The remaining pending miscellaneous motions, Dkts. 26, 32, 37, 43, are denied as moot.